1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  CARLOS TOMAS GARCIA,                    No. 2:12-CV-2229-JAM-CMK-P

12                    Plaintiff,

13            vs.                           <u>FINDINGS AND RECOMMENDATIONS</u>

14  KIM ENOMOTO, et al.,

15                    Defendants.

16  _____/

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18  42 U.S.C. § 1983.   Pending before the court is plaintiff's complaint (Doc. 1).

19            The court is required to screen complaints brought by prisoners seeking relief

20  against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21  § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22  malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23  from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24  the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

26  This means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne,</u>

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Enomoto, a physician; Nay, an "AGPA"; Abdou, a physician; Malogi, a registered nurse; Boparia, chief medical officer; Zamora, chief of health care services for California prisons; Chapnick, chief medical officer; McElroy, unspecified position; McGowan, lab technician; and Hartly, the prison warden.

Plaintiff claims that, in the course of denying an inmate grievance he had filed, defendants Malogi and Bopardi ". . .wrongly found that plaintiff had multiple episodes of altered levels of consciousness because of overdose of medication. . . ."  He also claims ". . . these defendants wrongly found that plaintiff refused to complete a urine drug screen when in fact he did submit a urine specimen which was ultimately thrown away by defendant McGowan."  According to plaintiff, these wrongs were compounded when defendants Chapnick and McElroy denied his inmate grievance at the second level of administrative review.  Similarly, plaintiff claims that defendant Zamora is liable for denying his grievance at the third level of review.  Plaintiff states that defendant McGowan is liable because, as the lab technician who threw away his urine specimen, McGowan caused ". . . plaintiff to be thrown off Methadone, the only effective medication for managing plaintiff's pain."  Defendant Nay is alleged to be liable for screening plaintiff's inmate grievance.

/ / /

Apparently, plaintiff's claims stem from findings made by defendant Abdou regarding plaintiff's medical status.  According to plaintiff:

> Defendant Sherif Abdou, M.D., has willfully falsified record and documents.  He falsely claimed that he examined plaintiff but does not state when he examined plaintiff.  Then Abdou went on to falsely document that plaintiff had multiple episodes of altered level of consciousness because of overdose of medication. . . .  He did not, however, indicate what medication plaintiff had allegedly ingested, nor did he cite to any of plaintiff's medical records in support of his conclusion more probably than not because none exists.  He also went on to agree with Enomoto's treatment plan of tapering the Methadone but does not explain why.  This doctor should in the very least be reprimanded for falsifying record and documents and writing incomplete reports.

Plaintiff attaches to his complaint a copy of the final administrative decision concerning his inmate grievance.  That decision states in part:

> At the Director's Level of Review (DLR), submitted on March 8, 2012, you reiterate your issues as noted above and additionally state Dr. Abdou falsified documents and should be reprimanded.
>
> At the DLR., your appeal file and documents obtained from your Unit Health Record (UHR) were reviewed and revealed the following:
>
> • It is noted you have added new issues and/or requests to your appeal at the Director's Level of Review, including your claim of falsified documents and request for reprimand of Dr. Abdou. . . .
>
> • Your medical profile shows you have active orders for multiple pain relief medications, including medication regimen with codeine and gabapentin.  Medical records show within the last year your pain medication regimen has been adjusted and modified on multiple occasions, indicative of ongoing evaluation of your pain and condition.
>
> • Medical notes from your hospitalization on September 10, 2011, shows you were admitted with an altered level of consciousness and normal ammonia levels with no indication of liver function abnormalities despite end-stage liver disease (ESLD) and improvement with decreased methadone intake for pain.  Records show you refused to complete a urine drug screen test on October 20, 2011.
>
> • . . . . Records show you have been prescribed alternative medication to address your pain management issues.

3

•   Medical records show you are being followed by your Primary care Provider (PCP) for evaluation and treatment of multiple health care concerns including chronic pain. Record show you have a history of functional problems and you have been provided with accommodations to assist you with activities of daily living (ADL) and mobility issues.

Based on the above evidence, it appears your care related to your appeal issues has been adequate, as you have been evaluated regarding your health care concerns and you are receiving treatment as deemed medically necessary by your provider(s) and treatment team, based on examinations and evaluations, and in accordance with policy and procedures.

## II.  DISCUSSION

The gravamen of plaintiff's claim is that defendants' wrongdoing resulted in his being denied methadone treatment for his chronic pain, and that this in turn violated his rights under the Eighth Amendment.  The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

///

4

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

1    Upon review of the complaint and documents plaintiff attaches thereto, the court

2  finds that plaintiff cannot state a claim for relief under § 1983.  Plaintiff's claims all relate to

3  wrongdoing he alleges resulted in discontinuation of methadone treatment.  Plaintiff, however,

4  acknowledges in the complaint that his doctors were following a treatment plan of reducing or

5  eliminating methadone.  Plaintiff's complaint documents in some detail this process, which

6  involved replacing methadone with codeine and other drugs.  To the extent plaintiff alleges that

7  he was subsequently also weaned off codeine and left with no pain management medication, the

8  documents attached to plaintiff's complaint belie any such contention.  Specifically, plaintiff

9  does not challenge the portion of the director's level appeal decision which states: "Records

10  show you have been prescribed alternative medication to address your pain management issues."

11    At best, plaintiff's claim amounts to a difference of opinion as to the course of

12  treatment being provided for his pain management.  Medical providers are of the opinion that

13  plaintiff should be weaned off of methadone and, possibly, also codeine and that "alternative

14  medications" suffice to address plaintiff's pain issues.  Plaintiff's differing opinion that he should

15  remain on methadone does not state a claim under § 1983.

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

**III.  CONCLUSION**

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 14, 2013

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE